**DEPARTMENT OF HUMAN SERVICES,
on Behalf of Arlene HERD**

v.

**James R. HART.**

Supreme Judicial Court of Maine.

Submitted on Briefs March 14, 1994.

Decided March 30, 1994.

Raymond E. Ritchie, Asst. Atty. Gen., Augusta, for plaintiff.

Peter M. Beckerman, Waterville, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS, RUDMAN, and DANA, JJ.

ROBERTS, Justice.

James Hart appeals from a judgment entered in the Superior Court (Kennebec County, *Chandler, J.*) affirming the denial by the District Court (Waterville, *Studstrup, J.*) of his motion for a summary judgment against Arlene Herd on her complaint for paternity determination and the establishment of child support. Hart contends that the court erred in refusing to dismiss the complaint as *res judicata*. We do not reach that issue; instead we dismiss the appeal for the lack of a final judgment.

This appeal arises out of a paternity dispute involving Herd's young son. In 1988 and 1990, the Somerset County district attorney filed petitions on behalf of Herd pursuant to the Uniform Reciprocal Enforcement of Support Act, 19 M.R.S.A. §§ 331–420 (1981 & Supp.1993) (URESA), seeking a determination that Hart was the child's father and the establishment of child support payments. In late 1991 and early 1992, the court (Somerset County, *Kravchuk, J.*, and *Browne, A.R.J.*) dismissed both petitions without prejudice in order to consolidate the proceedings in the instant action, which was pending in the District Court. Hart then filed a motion for a summary judgment, arguing that the dismissal of the second URESA petition operated as an adjudication on the merits pursuant to M.R.Civ.P. 41(a)(1). The District Court denied the motion and the Superior Court affirmed.

The denial of a summary judgment motion does not result in a final judgment. *Olson v. Albert*, 523 A.2d 585, 589 (Me.1987). We have traditionally declined to review cases in which no final judgment has been entered, but have made an exception when "the interests of judicial economy" require addressing the merits immediately. *Department of Human Servs. v. Lowatchie*, 569 A.2d 197, 199 (Me.1990). This case does not fall within that exception. Although review of this interlocutory order could finally dispose of the entire litigation, the interests of justice do not require immediate review. *See id.* In *Lowatchie*, because the applicability of *res judicata* was clear, immediate review was necessary to prevent future harassment of the defendant with a duplicative suit. *Id.* at

199–200. In contrast, because we have not yet resolved the question whether *res judicata* would apply in the circumstances of this case, use of the judicial economy exception would be inappropriate.

The entry is:

Judgment vacated.

Remanded to the Superior Court with direction to dismiss James Hart's appeal from the District Court's order.

All concurring.