**Jeffrey ROSENBERY et al.**

v.

**David TAYLOR et al.**

Supreme Judicial Court of Maine.

Argued Oct. 7, 1996.

Decided Nov. 21, 1996.

J. Kirk Trombley (orally), McLane, Graf, Raulerson & Middleton, Portsmouth, NH, for Plaintiffs.

William H. Leete (orally), Samuel M. Sherry, Leete & Lemieux, and Paula House McFaul, Portland, for Defendants.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

GLASSMAN, Justice.

By this appeal, Taylor's Millwork, Inc., Carve Masters, Inc. and Consolidated Millworks, Inc. (Millwork) challenge the decision of the trial court (Cumberland County, *Bradford, J.*) denying their motion to dismiss the complaint of Jeffrey Rosenbery and Pamela Rosenbery (Rosenberys) for lack of personal jurisdiction of Millwork.[1] We agree with the Rosenberys' contention that this appeal is interlocutory, and accordingly, we dismiss the appeal.

The record reflects the following facts: On January 28, 1993, as a result of arbitration, the Rosenberys received a default award of $83,755.00 against David Taylor and Millwork for their alleged defective and deficient performance of a contract with the Rosenberys to perform certain construction services in their home in Orange, California. The Orange County Superior Court entered a judgment in that amount in favor of the Rosenberys and against David Taylor and Millwork on October 14, 1992. That judgment remains unsatisfied.

David Taylor and his wife, Jacqueline, left the state of California and relocated in Maine during the pendency of the California proceedings. By their present complaint against the Taylors, Millwork and Time Enough, Inc., the Rosenberys allege that Millwork's assets were fraudulently transferred to Time Enough, Inc., a Maine corporation, to avoid execution of the California judgment.

Millwork does not contend that the denial of its motion to dismiss is a final judgment. Rather, it argues its appeal meets the "judicial economy" exception to the final judgment rule because a decision in its favor would dispose of the entire litigation in the trial court. We disagree.

We have repeatedly stated that generally only a final judgment is ripe for appellate review. *Bard v. Bath Iron Works Corp.,* 568 A.2d 1108, 1110 (Me.1990); *Fern Constr. Co. v. Binnall,* 443 A.2d 67, 68–69 (Me.1982); *Fidelity & Casualty Co. v. Bodwell Granite Co.,* 102 Me. 148, 152, 66 A. 314, 316 (1906). We have recognized and applied exceptions to the final judgment rule in those circumstances where its application would not further its purposes. *State v. Maine State Employees Ass'n,* 482 A.2d 461, 464 (Me.1984). These exceptions have been described as "few, narrow and well-defined."[2] *Department of Human Servs v. Lowatchie,* 569 A.2d 197, 199 (Me.1990).

The judicial economy exception to the final judgment rule is applied when the interests of judicial economy dictate that the merits of the case should be addressed immediately. *Milstar Mfg. Corp. v. Waterville Urban Renewal Auth.,* 351 A.2d 538, 541 (Me.1976). This exception is appropriate when a "review of a non-final order can establish a final, or practically final, disposition of the entire litigation and the interests of justice require that an immediate review be undertaken. *Department of Human Servs v. Lowatchie,* 569 A.2d at 199 (citations omitted).

Contrary to Millwork's contentions, the trial court's decision is interlocutory and does not fall within the judicial economy exception to the final judgment rule. The circumstances of this case require further factual development to determine the issue of the trial court's personal jurisdiction of Millwork. Accordingly, in its present posture, judicial review at this time would not establish a final

---

1. David Taylor and the other named defendants, Jacqueline Taylor and Time Enough, Inc., a Maine corporation, did not join in the motion to dismiss the complaint.

2. The generally recognized exceptions to the final judgment rule are the "death knell," "collateral order" and "judicial economy" exceptions. *Department of Human Servs. v. Lowatchie,* 569 A.2d 197, 199 n. 4 (Me.1990) (citing *State v. Maine State Employees Ass'n,* 482 A.2d at 464–65).

or practically final disposition of the entire litigation.

The entry is:

Appeal dismissed.

All concurring.