1997 ME 211

**Sergei BREUS**

v.

**Inna BEZBORODKO.**

Supreme Judicial Court of Maine.

Submitted on Briefs Sept. 19, 1997.

Decided Nov. 4, 1997.

Anthony W. Beardsley, Roy, Beardsley & Williams, Ellsworth, for plaintiff.

Mary N. Kellett, Law Offices of Ellen S. Best, Blue Hill, John D. Bunker, Paine, Lynch & Harris, P.A., Bangor, for defendant.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

DANA, Justice.

[¶ 1] Inna Bezborodko appeals from the decision of the Superior Court (Hancock County, *Mead, J.*) affirming the order of the District Court (Ellsworth, *Staples, J.*) denying her motion to dismiss for lack of personal jurisdiction the complaint for a determination of parental rights and responsibilities filed by her former husband, Sergei Breus. Although the parties do not address the issue, we conclude that an interlocutory appeal of a denial of a motion to dismiss for lack of personal jurisdiction does not fall within any exception to the final judgment rule. Accordingly, we dismiss the appeal.

[¶ 2] The relevant facts in this case are not in dispute. Breus and Bezborodko were married and divorced in Russia. The divorce

order made no provisions for parental rights and responsibilities regarding their two daughters. Breus moved to Maine in 1991 with one daughter, and Bezborodko moved here in 1993 with the other. Although Breus is now a naturalized citizen who plans to remain in the United States, Bezborodko is here on a temporary student visa while she pursues graduate studies at the University of Maine and ultimately plans to return to Russia.

[¶ 3] In 1996 Breus filed a complaint in the District Court seeking a determination of parental rights and responsibilities regarding the two children, including their primary residence, child support and visitation rights. After being served with process at her home in Orono, Bezborodko filed a motion to dismiss for lack of personal jurisdiction claiming the requirements for personal jurisdiction provided in Maine's long-arm statute, .14 M.R.S.A. § 704–A (1980), had not been satisfied. Following the District Court's denial of her motion, and before that court addressed the merits of the complaint, Bezborodko appealed to the Superior Court. This appeal followed the affirmance by the Superior Court.

[¶ 4] We have never held that the denial of a motion to dismiss for lack of personal jurisdiction is immediately appealable as a matter of course. On the contrary, we recently held that such an appeal is interlocutory and merits our immediate review only if it falls within an exception to the final judgment rule. *Rosenbery v. Taylor,* 685 A.2d 768, 769 (Me.1996). We have entertained interlocutory appeals from rulings that reject an affirmative defense. *See, e.g., Department of Human Servs. v. Lowatchie,* 569 A.2d 197 (Me.1990) (res judicata). Those cases recognize and apply the judicial economy exception when a "review of a non-final order can establish a final, or practically final, disposition of the entire litigation and the interests of justice require that immediate review be undertaken." *Lowatchie,* 569 A.2d at 199; *See also Munsey v. Groves,* 151 Me. 200, 202, 117 A.2d 64, 66 (1955).

[¶ 5] The "interests of justice" requirement of the judicial economy exception cannot be met in this case. Bezborodko's interest in limiting the court's jurisdiction is protected by her right to raise the issue on appeal after final judgment. *United States v. Sorren,* 605 F.2d 1211, 1214 (1st Cir.1979). *Accord Donaldson v. Donaldson,* 111 Idaho 951, 953, 729 P.2d 426, 428 (1986) ("[A] defendant who unsuccessfully objects to personal jurisdiction may proceed on the merits without waiving the objection.").

The entry is:

Appeal dismissed.