1998 ME 182

Peter PORRAZZO et al.

v.

Kenneth L. KAROFSKY et al.

Supreme Judicial Court of Maine.

Argued May 4, 1998.
Decided July 22, 1998.

David L. Herzer (orally), Norman, Hanson & DeTroy, Portland, for plaintiffs.

Toby H. Hollander (orally), Lewiston, for defendants.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, and DANA, JJ.

ROBERTS, Justice.

[¶ 1] Kenneth and Joan Karofsky appeal from a judgment entered in the Superior Court (Cumberland County, *Calkins, J.*) granting Peter and Beatrice Porrazzo's motion for an attachment and trustee process and denying the Karofskys' motion to dismiss. On appeal they contend that the court erred by failing to dismiss the Porrazzos' complaint as barred by the statute of limitations and the doctrine of laches. They further assert that the court erred by finding that it was more likely than not that the Porrazzos would prevail in their action and granting the Porrazzos an order of attachment. The Porrazzos cross-appeal from the court's order of attachment and contend that the court erred by limiting the attachment to Maine real estate. We affirm the judgment.

## I.

[¶ 2] In March 1990 Peter and Beatrice Porrazzo entered into a loan agreement with Sterling Properties, a Rhode Island limited partnership of which Kenneth Karofsky was a partner, whereby they agreed to loan the partnership $150,000. Karofsky personally guaranteed the repayment of the loan. When the partnership defaulted on the loan, the Porrazzos obtained a judgment against him from the Rhode Island Superior Court

1. There is some dispute whether Karofsky Realty

for $242,200.83 plus post-judgment interest and costs.

[¶ 3] In March 1990 the Porrazzos filed a complaint in the Superior Court seeking relief pursuant to Maine's Uniform Fraudulent Transfer Act, 14 M.R.S.A. §§ 3571–3582 (Supp.1997) and MASS.GEN.LAWS ANN. ch. 109A, §§ 1–13 (West 1995 & Supp.1998). The complaint alleged that between 1990 and 1993, Karofsky had transferred a number of assets to a variety of different individuals, some of whom were insiders. Two of these assets are the subject of the present controversy. The first is a parcel of real estate located in Raymond that the Karofskys jointly purchased in 1983. In March 1991 Kenneth transferred his interest in the property to his wife, Joan. The second asset is an interest in Karofsky Realty, a limited partnership [1] that owns rental property in Massachusetts. Kenneth transferred his interest in Karofsky Realty to his wife sometime between 1989 and 1992.

[¶ 4] The Porrazzos also filed a motion for attachment and trustee process pursuant to M.R.Civ.P. 4A and 4B, requesting that the court attach the Raymond property and Joan's interest in Karofsky Realty. The Karofskys opposed the motion for attachment and filed a motion to dismiss the action on the grounds that the court lacked subject matter jurisdiction, that the applicable statute of limitations had expired, and that the action was barred by the doctrine of laches. In September 1997 the court granted the Porrazzos' motion for an attachment and trustee process, but limited the attachment to Maine real estate. The court also denied the Karofskys' motion to dismiss. This appeal and cross-appeal followed.

## II.

[¶ 5] Although interlocutory, we review an order of attachment by virtue of the collateral order exception to the final judgment rule. *See, e.g., Spack v. Puorro,* 689 A.2d 589, 589 (Me.1997). A denial of a motion to dismiss an action as barred by the statute of limitations, however, is "plainly interlocutory and not reviewable until a final

is a trust or a limited partnership.

judgment ha[s] been entered." *Garrison v. Finks,* 469 A.2d 440, 440 (Me.1983). The Karofskys contend that although interlocutory, we should review the court's denial of their motion to dismiss in the interests of judicial economy. We disagree.

[¶ 6] We have, in exceptional circumstances, entertained an interlocutory appeal from a trial court's decision rejecting an affirmative defense and denying a defendant's motion to dismiss. *See Department of Human Servs. v. Lowatchie,* 569 A.2d 197, 199 (Me.1990). As we explained in *Department of Human Servs. v. Hart,* 639 A.2d 107 (Me.1994), we will only entertain appeals from a decision rejecting an affirmative defense in those situations in which the application of an affirmative defense is clear and an immediate review is necessary to promote judicial economy. *Id.* at 107. The present matter is not such a situation. An evaluation of the merits of the Karofskys' appeal would require us to resolve complex legal issues involving conflict-of-law principles and the law of both Rhode Island and Massachusetts. Although such an assessment could avoid further litigation in this case, it would ensure that every future trial court decision rejecting an affirmative defense would be appealed on an interlocutory basis. The final judgment rule would then become a nullity and the sensible proposition on which it is premised—"that 99 out of 100 times the trial justice will rule correctly and that the occasional error will receive a sufficient although not perfect cure by review after a final judgment is entered"—will be ignored. *Lowatchie,* 569 A.2d at 201 (*Hornby, J.,* dissenting).

[¶ 7] We also find unavailing the Karofskys' assertion that in order for us to determine whether the court erred by finding that it is more likely than not that the Porrazzos will recover a judgment in an amount equal or greater to the attachment, we must consider whether the action is time-barred by either the statute of limitations or the equitable doctrine of laches. This contention is merely an attempt to bootstrap their appeal from the court's denial of their motion to dismiss with their appeal from its order of attachment. Pursuant to M.R. Civ. P. 4A(c) and 4B(c), a court can issue an order of attachment if it finds "more likely than not that the plaintiff will recover judgment ... in an amount equal to or greater than ... the attachment [or the trustee process]. ..." In making this determination, the court assesses the merits of the complaint and the weight and credibility of the supporting affidavits. *See Plourde v. Plourde,* 678 A.2d 1032, 1035 (Me.1996). If the applicability of an affirmative defense is clear, then a court can consider the application of the defense in its determination whether the requirements of Rules 4A(c) and 4B(c) have been met. However, a court need not address complex legal issues or rectify factual disputes in a summary attachment hearing. In sum, the court in this case was not compelled to find that the action was time-barred by either the statute of limitations or the equitable doctrine of laches.

[¶ 8] Finally, both the Karofskys' contentions that the court erred in finding it more likely than not that the Porrazzos will recover a judgment in an amount equal to or greater than the attachment and the Porrazzos' assertions that the court erred by limiting the attachment order to Maine real estate are unconvincing. We review an order of attachment for clear error and abuse of discretion, *Schneider v. Cooper,* 687 A.2d 606, 608 (Me.1996), and will not disturb the trial court's findings unless there is no competent evidence to support a finding as to the plaintiff's likelihood of success, *Boisvert v. Boisvert,* 672 A.2d 96, 98 (Me.1996). Contrary to the Karofskys' contentions, there is competent evidence to support the court's findings. Moreover, the court did not act outside the bounds of its discretion in limiting the attachment to Maine real estate. *See Sweeney v. Hope House, Inc.,* 656 A.2d 1215, 1217 n. 2 (Me.1995) ("A court ... may properly exercise some limited discretion in selecting the particular property or credits to be attached up to the amount of the 'more likely than not' judgment.").

The entry is:

Judgment affirmed.