2002 ME 68

# IHT CORPORATION

v.

# PARAGON CUTLERY CO., INC.

Supreme Judicial Court of Maine.

Argued: Feb. 6, 2002.
Decided: April 18, 2002.

Brian D. Willing, (orally), David S. Sherman, Jr., Drummond Woodsum & MacMahon, Portland, for plaintiff.

John A. Turcotte, (orally), Levis & Hull, P.A., Biddeford, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, and CALKINS, JJ.

SAUFLEY, C.J.

[¶ 1] Paragon Cutlery appeals from a judgment entered in the District Court (Biddeford, *Mullen, J.*) denying its motion to dismiss IHT's complaint for lack of personal jurisdiction. Paragon contends that this case presents an exception to the final judgment rule and is therefore ripe for appeal, and that the court erred in determining that it does have personal jurisdiction over the case. Because we conclude that Paragon's appeal is interlocutory and presents no exception to the final judgment rule, we dismiss the appeal and do not address the merits of the District Court's determination of jurisdiction.

## I. BACKGROUND

[¶ 2] The complaint and affidavits of the parties disclose the following facts. IHT is a California corporation that owns and operates a division in Kennebunk. It is registered as a foreign corporation doing business in Maine. Paragon Cutlery is a North Carolina corporation. During a seven-month period ending in 2000, Paragon shipped thousands of knives it manufactured to IHT's Kennebunk division, where the knives were coated with a gloss finish and shipped back to Paragon in North Carolina or elsewhere at Paragon's direction.

[¶ 3] A dispute between the parties arose over payment and the services rendered by IHT in the Kennebunk plant. IHT filed a complaint against Paragon in the Maine District Court alleging breach of contract and unjust enrichment claims as a result of the dispute. Paragon moved to dismiss the complaint for lack of personal jurisdiction, alleging that it maintained insufficient ties with the State of Maine to convey jurisdiction to its courts. Paragon appeals the court's denial of the motion to dismiss pursuant to 14 M.R.S.A. § 1901 (Supp.2001).

## II. DISCUSSION

[¶ 4] Our threshold determination is whether the court's denial of Paragon's motion to dismiss for lack of personal jurisdiction is immediately appealable. Generally, only final judgments are ripe for our review, a doctrine developed to "prevent[ ] piecemeal litigation, ... curtail interruption, delay, duplication and harassment; ... minimize[ ] interference with the trial process; ... serve[ ] the goal of judicial economy; and ... save[ ] the appellate court from deciding issues which may ultimately be mooted ...." *Millett v. Atl. Richfield Co.*, 2000 ME 178, ¶ 8, 760 A.2d 250, 253 (quoting *State v. Me. State Employees Ass'n*, 482 A.2d 461, 464 (Me. 1984)).

[¶ 5] Regarding the nature of the appeal before us, "[w]e have never held that the denial of a motion to dismiss for lack of personal jurisdiction is immediately appealable as a matter of course. On the contrary, we recently held that such an appeal is interlocutory and merits our immediate review only if it falls within an exception to the final judgment rule." *Breus v. Bezborodko*, 1997 ME 211, ¶ 4, 704 A.2d 338, 339; *see also Rosenbery v. Taylor*, 685 A.2d 768, 769 (Me.1996). Paragon concedes that the present appeal is interlocutory, but argues that it falls within an exception to the final judgment rule.

[¶ 6] We have recognized three narrow exceptions to the final judgment rule: the collateral order exception, the death knell exception, and the judicial economy

exception.[1]  *Rosenbery*, 685 A.2d at 769 n. 2. In the absence of such an exception, we dismiss as interlocutory those appeals in which a trial court has denied a motion to dismiss for lack of personal jurisdiction. *Breus*, 1997 ME 211, ¶ 5, 704 A.2d at 339; *Rosenbery*, 685 A.2d at 770.  On the facts presented here, we reject Paragon's contention that any of the exceptions apply to its case.

[¶ 7] Paragon also argues that the "extraordinary circumstances" of this case warrant our address of its appeal on the merits.[2]  Even if we were to acknowledge such an exception to the final judgment rule, Paragon directs us to no facts in the record to indicate that its motion presents any extraordinary circumstances.  The essence of Paragon's argument is this: a foreign corporation that contracted for and received services in Maine over a seven-month period from a corporation with a place of business in Maine should not be called upon to defend a suit in Maine related to payment for those services.  No extraordinary circumstances are evident from these facts.

[¶ 8] We conclude that because no exception to the final judgment rule is applicable to Paragon's interlocutory appeal, it is not ripe for our review.  We therefore dismiss the appeal for lack of a final judgment, and note that Paragon's "interest in limiting the court's jurisdiction is protected by [its] right to raise the issue on appeal after final judgment."  *See Breus*, 1997 ME 211, ¶ 5, 704 A.2d at 339.

The entry is:

Appeal dismissed.

---

1.  Paragon does not claim entitlement to any type of immunity. *See Hawkes v. Commercial Union Ins. Co.*, 2001 ME 8, ¶ 6, 764 A.2d 258, 263; *Pratt v. Ottum*, 2000 ME 203, ¶ 15, 761 A.2d 313, 318.

2.  Paragon's reliance on *Architectural Woodcraft Co. v. Read*, 464 A.2d 210 (Me.1983), is misplaced.  There, a Maine plaintiff sued an out-of-state manufacturer in the Maine District Court. *Architectural Woodcraft*, 464 A.2d at 211.  The District Court raised the issue of personal jurisdiction *sua sponte*, and ultimately dismissed the plaintiff's case for lack of personal jurisdiction. *Id.* at 211.  Thus, there was no dispute that the plaintiff's appeal presented a final judgment.  In one case where we accepted an interlocutory appeal from a denial of a motion to dismiss, we concluded that an exception existed where "the peculiar character of the questions here presented" and the "vigorous[ ]" argument of both counsel supporting the appeal warranted its acceptance. *Munsey v. Groves*, 151 Me. 200, 202, 117 A.2d 64, 66 (1955).