2003 ME 25

**John NORTON**

v.

**TOWN OF LONG ISLAND.**

Supreme Judicial Court of Maine.

Argued: Nov. 15, 2002.

Decided: Feb. 28, 2003.

John S. Campbell (orally), Campbell & Associates, P.A., Portland, for plaintiff.

John S. Whitman (orally), Carol Eisenberg, Richardson, Whitman, Large & Badger, P.C., Todd Holbrook, Gregory Cunningham, Robert Crawford, Bernstein Shur, Sawyer & Nelson, Portland, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

LEVY, J.

[¶ 1] The Town of Long Island appeals from an order of the Superior Court (Cumberland County, *Crowley, J.*) denying in part its motion to dismiss an action brought by John S. Norton, Sr., seeking to quiet title and recover damages for an unconstitutional taking. Norton cross-appeals from that portion of the order granting in part the Town's motion to dismiss. We dismiss the cross-appeals and do not reach the merits because the appeals are interlocutory and do not fall within any exceptions to the final judgment rule.

## I. CASE HISTORY

[¶ 2] During the 1960s, John S. Norton, Sr., acquired from the United States a parcel of land on Long Island, along with adjacent submerged lands. Two streets, Island Avenue and Marginal Street, crossed Norton's parcel. Believing that municipal authorities wrongly allowed people to park their cars along Island Avenue, Norton sought relief in Court.

[¶ 3] Norton first filed a complaint against the City of Portland in May 1988 in the United States District Court for the District of Maine, invoking federal jurisdiction under 42 U.S.C. § 1983 and alleging that Portland had violated his constitutional rights by allowing people to park

vehicles along Island Avenue. The court (*Carter, J.*) granted summary judgment in favor of the City of Portland on the basis that no constitutional violation could have occurred without Norton first seeking to settle state-based ownership issues. *Norton v. City of Portland*, No. 88–0147P, at 3 (D.Me. May 11, 1989) (unpublished decision). "In light of the decision that [Norton] cannot here prevail on his federal constitutional claim," wrote the court, "a healthy sense of federal-state comity dictates that the resolution of those issues should be left to the state courts, which are better positioned to definitively adjudicate them." *Id.* at 5 n. 2. The United States Court of Appeals for the First Circuit affirmed the decision. *Norton v. City of Portland*, 900 F.2d 247 (1st Cir.1990) (unpublished table decision).

[¶ 4] In August 1996, after Long Island seceded from Portland and became a separate town, Norton sued Long Island in the United States District Court. *Norton v. Town of Long Island*, No. 96–CV–250 (D.Me. Jan. 7, 1997) (unpublished decision). Because Norton's complaint in this second federal suit was virtually identical to his complaint in the previous suit, the court (*Hornby, J.*) granted a summary judgment in favor of Long Island on grounds of res judicata. The United States Court of Appeals for the First Circuit affirmed the decision. *Norton v. Town of Long Island*, 121 F.3d 695 (1st Cir.1997) (unpublished table decision).

[¶ 5] On February 8, 2002, Norton filed a complaint against the Town in Superior Court seeking, in Count I, to quiet title to Island Avenue and Marginal Street; in Count II, to quiet title to submerged lands; and, in Count III, to recover damages for the Town's alleged unconstitutional takings of his property. On March 1, 2002, the

Town filed a motion to dismiss all three counts of Norton's complaint on grounds that, due to the previous litigation, Norton's lawsuit was barred by the doctrine of res judicata. After a hearing, the Superior Court (Cumberland County, *Crowley, J.*) granted the Town's motion to dismiss with respect to Count I and that portion of Count III pertaining to the streets, but denied the motion with respect to Count II and that portion of Count III pertaining to the submerged lands. The Town timely appealed the partial denial of its motion to dismiss, and Norton cross-appealed the partial grant of the motion.

## II. DISCUSSION

[¶ 6] A partial summary judgment does not qualify as a final judgment because it does not dispose of all issues in controversy. *See Olson v. Albert*, 523 A.2d 585, 589 (Me.1987) (dismissing as premature an appeal from a partial denial of summary judgment). The same holds true for the procedurally analogous situation of a partial dismissal. Except for a "few, narrow and well-defined" exceptions, *State v. Me. State Employees Ass'n*, 482 A.2d 461, 464 (Me.1984), parties may not appeal a decision until a final judgment has been rendered in the case. *E.g., U.S. Dep't of Agric., Rural Hous. Serv. v. Carter*, 2002 ME 103, ¶ 7, 799 A.2d 1232, 1234. The exception pertinent to the present case is the judicial economy exception, which is applied when "review of a non-final order can establish a final, or practically final, disposition of the entire litigation, and the interests of justice require that immediate review be undertaken." *Dep't of Human Servs. v. Lowatchie*, 569 A.2d 197, 199 (Me.1990) (quotations and citations omitted).

[¶ 7] We have applied the judicial economy exception to review a narrow range of interlocutory appeals including, as is the case here, affirmative defenses. In *Lowatchie* the appeal presented unique circumstances,[1] and we reached the appeal's merits concluding that the res judicata doctrine barred the Department's second suit. *Id.* at 198, 200. Our opinion in *Lowatchie* does not, however, stand for the proposition that we entertain as a matter of course all interlocutory appeals from rulings concerning res judicata or other affirmative defenses. *See Porrazzo v. Karofsky*, 1998 ME 182, ¶ 6, 714 A.2d 826, 828 (citing *Lowatchie* dissent and dismissing interlocutory appeal concerning statute of limitations defense because review "would ensure that every future trial court decision rejecting an affirmative defense would be appealed on an interlocutory basis"); *Breus v. Bezborodko*, 1997 ME 211, ¶¶ 4–5, 704 A.2d 338, 339 (dismissing appeal concerning long arm statute); *see also Butler v. Mooers*, 2001 ME 56, ¶ 18, 771 A.2d 1034, 1039 (citing *Lowatchie* for proposition that "[w]e have been cautious to allow only a narrow range of interlocutory appeals . . . most often where there is a clear legal bar to the action such as . . . res judicata"); *Dep't of Human Servs. v. Poulin*, 2002 ME 54, ¶ 4, 794 A.2d 639, 640 (citing *Lowatchie* and dismissing as interlocutory an appeal concerning trial court's (1) granting of discovery order permitting genetic testing in a paternity action and (2) failure to rule on a motion to dismiss

---

1. In *Lowatchie,* the trial court dismissed with prejudice the Department of Human Services's paternity suit for want of prosecution, effectively adjudicating the merits of the claim. 569 A.2d at 200 (citing M.R. Civ. P. 41(b)(1), (3)). Nearly a decade later, the Department filed a second suit, an identical case involving the identical parties. *Id.* at 199. When the trial court denied the alleged father's summary judgment motion in which he had invoked the affirmative defense of res judicata, the father appealed. *Id.* at 198.

the paternity action based upon res judicata and/or collateral estoppel).

[¶ 8] On the contrary, we will review such appeals only "in those situations in which the application of an affirmative defense is clear and an immediate review is necessary to promote judicial economy." *Porrazzo*, 1998 ME 182, ¶ 6, 714 A.2d at 828 (citing *Dep't of Human Servs. v. Hart*, 639 A.2d 107, 107 (Me.1994)). In *Hart*, for example, we dismissed an interlocutory appeal in which a putative father argued that the trial court erred in refusing to dismiss a paternity suit as res judicata. 639 A.2d at 107. Two earlier suits had been dismissed without prejudice in order to consolidate the proceedings, and the alleged father asserted that, pursuant to M.R. Civ. P. 41(a)(1), dismissal of the second suit amounted to an adjudication on the merits. *Id.* Distinguishing *Lowatchie* as a case where "the applicability of res judicata was clear" and "immediate review was necessary to prevent future harassment of the defendant with a duplicative suit," we held in *Hart* that the case fell outside the judicial economy exception because we had "not yet resolved the question whether *res judicata* would apply" under the circumstances presented. *Id.* at 107–08.

[¶ 9] In the present case, although review of the merits might lead to a final disposition of the litigation, the applicability of res judicata is not clear and there are no unique circumstances that militate in favor of achieving judicial economy through interlocutory appellate review. As was true in *Hart*, this appeal presents complicated questions concerning res judicata's applicability. We will have to consider, for example, whether Norton was compelled to bring forward his state theories in the federal action, whether the federal court could have decided to exercise it discretion in favor of asserting supplemental jurisdiction, whether the federal court expressly reserved Norton's right to maintain an action in state court, and whether Norton was unable to rely on his state theories in a single action because of some restriction on the federal court's authority to entertain the multiple theories.

[¶ 10] In addition, unlike *Lowatchie*, there are no unique circumstances present that implicate substantial rights of the parties. "Judicial economy" is not a one-dimensional concept limited to the economy associated with abridging the trial process. We are also mindful of the potential for added expense and delay introduced by conducting appellate review before the complete development of a dispute at the trial court level. When, as here, it has not been shown that a substantial right of a party will be affected absent immediate appellate review, we will not entertain an interlocutory appeal.

[¶ 11] We conclude that the judicial economy exception to the final judgment rule does not apply to this appeal because the application of res judicata is not clear, and there are no unique circumstances at this preliminary stage of the litigation that implicate substantial rights of the parties. We therefore do not reach the merits.

The entry is:

Appeal dismissed.