STATE OF MAINE                            SUPERIOR COURT
CUMBERLAND, ss.                                              CIVIL ACTION
                                                            Docket No. CV-06-47

                           2006 MAY 16  P 12: 28

ROBERT W. SMITH,

        Plaintiff,

        v.                                              ORDER

RONALD CAMPBELL d/b/a
FURNITURE SHOWPLACE,

        Defendant.


        Before the court is plaintiff Robert Smith's motion for an attachment. Smith has

also filed a motion to strike a surreply memorandum filed by defendant Ronald

Campbell dated May 5, 2006.[1]  Because Smith's motion was filed two months ago,

because the parties would not be entitled to offer evidence at any hearing that might be

held, and because the court's schedule will preclude the scheduling of a hearing for at

least another month, the court will rule on this motion without oral argument.

        An attachment may be granted if the court finds that it is "more likely than not"

that the plaintiff will recover judgment in an amount greater than the attachment.

Porrazzo v. Karofsky, 1998 ME 182 ¶ 7, 714 A.2d 826, 828.  Although faced with

affidavits that controvert each other, the court is entitled to assess the weight and

credibility of the affidavits submitted. Id.

        In this case the court concludes that it is more likely than not that Smith will

recover judgment in an amount equal to or greater than $17,500, representing the back

---

[1] Smith's motion to strike did not include a notice pursuant to Rule 7(b)(1)(A) and Campbell therefore
has a right to respond even if he does not comply with the 21-day deadline. In any event, the motion to
strike is denied. Although the rules do not authorize a surreply memorandum, Campbell's surreply
memorandum in this instance is limited to issues of law and correctly points out, in response to Smith's
reply memorandum, that the "reasonable likelihood of success" standard is no longer in effect and that
the court cannot consider factual material not presented by affidavit. The court has considered
Campbell's surreply in ruling on this motion.

pay of $10,000 calculated in Smith's March 15, 2006 affidavit plus an additional amount representing Smith's continued loss of income as this lawsuit progresses, plus attorneys fees. The court does not find that Smith has demonstrated that it is more likely than not that he will recover emotional distress or punitive damages under 5 M.R.S.A. § 4613 (2)(B)(8)(e)(i). Smith's papers are devoid of evidence as to his emotional distress and the amount of punitive damages, if any, that might be awarded is entirely discretionary.

The entry shall be:

Plaintiff's motion for attachment and trustee process is granted. Plaintiff may make attachment and trustee process against defendant's property in the amount of $17,500. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

DATED: May _16_ , 2006

Thomas D. Warren
Justice, Superior Court

2

Plaintiff:       Howard Reben, Esq.
                 Adrienne Cohen Hansen, Esq.

Defendant:       Thomas Danylik, Esq.