STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss                                       CIVIL ACTION
                                              DOCKET NO. RE-17-24


RUSSELL LEVINE,

            Plaintiff
                              STATE OF MAINE
v.                       Cumberland, ss  Clerk's Office        ORDER

                              MAR 2 2 2017

DOUGLAS TAYLOR, et al.,          RECEIVED

            Defendants


Before the court is a motion for an attachment by plaintiff Russell Levine. To be entitled

to an attachment, Levine must show that it is more likely than not that he will recover judgment

in an amount equal to or greater than the amount of the attachment.

As against defendant Douglas Taylor,[1] Levine contends that he made a contract with

Douglas to lend Douglas $50,000 under an oral agreement calling for repayment of $90,000

within 60 days. In support Levine has submitted a handwritten document that does not confirm a

debt of $90,000 but does state that Douglas agrees that he owes Levine $50,000. The document

then states, somewhat inconsistently, that Douglas agrees to give Levine title to a Snap-on Tools

truck as collateral, that Douglas agrees to give Levine the proceeds of the sale of the Snap-on

Tools truck, and that Levine will then give back the title to Douglas.

For his part, Douglas states that he never borrowed $50,000 from Levine but instead that

Levine gave or loaned $ 50,000 to a person named Joseph Mercurio (described by Douglas as a

confidence man who also bilked Douglas out of hundreds of thousands of dollars). Douglas

states that the money was given to Mercurio by Levine in Douglas's presence during two

meetings in the fall of 2015.  Douglas's affidavit states that Levine later compelled Douglas to

---

[1] For purposes of this order, defendant Douglas Taylor will be referred to as "Douglas" and defendant Cynthia Taylor will be referred to as "Cynthia."

sign the document purportedly evidencing a $50,000 debt to Levine by threatening to tell Douglas's wife about Douglas's losses.

Levine has responded to Douglas's showing by submitting a supplemental affidavit that appears to confirm that there were two meetings between Mercurio, Levine, and Douglas but states that at those meetings he only gave the $50,000 to Douglas.

As against defendant Cynthia Taylor, Levine is proceeding on a fraudulent conveyance theory and is seeking an attachment against the residence of Douglas and Cynthia. Until early fall of 2015 the residence was jointly owned by Douglas and Cynthia, although Cynthia has submitted an affidavit stating that all of the funds used to purchase the residence were her money. The record reflects that on September 10, 2015 Douglas conveyed his one-half interest in the residence to Cynthia and that Cynthia paid nothing to Douglas in connection with this transfer. This happened before Levine allegedly made the disputed loan to Douglas.

As against Cynthia, Levine relies on the provision of the Uniform Fraudulent Transfer Act which governs relief available to "future creditors" challenging transfers that may be voidable or otherwise give rise to relief. 14 M.R.S. § 3575(1). That provision potentially provides relief when a transfer is made with actual intent to defraud creditors, 14 M.R.S. § 3575(1)(A), or is made without receiving equivalent value and either the debtor was engaged or about to engage in a transaction for which his remaining assets were unreasonably small or the debtor intended to incur or reasonably believed he would incur debts beyond his ability to pay. 14 M.R.S. § 3575(1)(B).[2] Levine does not offer any evidence that Douglas transferred his one-half interest in the residence with actual intent to defraud creditors, and for purposes of his motion for attachment against Cynthia's property is therefore relying on § 3575(1)(B).

---

[2] Different rules apply to transfers alleged to be fraudulent as to present creditors. *See* 14 M.R.S. § 3576. Levine does not allege that he was a present creditor when the alleged loan took place.

2

Cynthia has asked for a testimonial hearing in connection with the attachment motion and although a testimomial hearing is not required on a motion for an attachment, the court would be inclined to order such a hearing in this case. However, it ultimately concludes that, on this record, it does not find that it is more likely than not that Levine will recover a judgment. This is true for four reasons.

First, the document on which Levine relies appears to involve a different transaction (a debt of $50,000 with a Snap-on Tools truck as collateral) than the alleged transaction on which Levine is suing (a $50,000 loan to be repaid by payment of $90,000 in 60 days).

Second, Levine agrees that the $50,000 was given to Douglas at meetings where Mercurio was present, which is consistent with Douglas's version that Mercurio was involved in the transaction and inconsistent with Levine's claim that a loan was given only to Douglas for investment in a business in Windham.

Third, it is hard to understand why a $50,000 loan for investment in a Windham business, according to Levine's version of events, would be made on terms requiring repayment of $90,000 within 60 days – equivalent to an annual rate of interest in excess of 400%.

Fourth, Douglas states that the document apparently confirming a $50,000 debt to Levine was extracted by threats that Levine would tell Cynthia about Douglas's losses. Levine denies making any such threats but argues that in any case such threats could not constitute duress because only a "wrongful" threat can constitute grounds for voiding a contract, and a threat to tell Cynthia would not have been wrongful. In the court's view, this misses the point. Douglas is not seeking to avoid the alleged loan agreement based on duress – he instead denies that there was any loan agreement because he contends that Levine gave the money to Mercurio. Douglas

3

argues only that Levine obtained the document that Levine offers as evidence of the alleged loan by threatening to tell Cynthia. This is a factual issue that is difficult to resolve on affidavits.

Although testimonial hearings are not contemplated or required on attachment motions, the court is entitled to make credibility determinations based on the affidavits and any documentary exhibits if it is able to do so. *See Porazzo v. Karofsky*, 1998 ME 182 ¶ 7, 714 A.2d 826. In this case, although any one or two of the four reasons listed above might not provide a sufficient basis to reject Levine's request for an attachment, the existence of all of the above reasons in combination raises enough questions about Levine's version of events to the point that the court cannot conclude – on this record – that it is more likely than not that Levine will recover judgment against Douglas and/or Cynthia.[3]

The entry shall be:

Plaintiff's motion for an attachment is denied. The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: March 22, 2017

Thomas D. Warren
Justice, Superior Court

---

[3] In addition, the court can perhaps assume that, if Levine's version of the facts were accepted, Douglas transferred his one-half interest in the residence to Cynthia when he was about to engage in a transaction for which his assets were unreasonably small or when he intended to incur or reasonably believed he would incur debts beyond his ability to pay. *See* 14 M.R.S. § 3575(1)(B). However, no evidence has been offered on those issues. Specifically, Levine has offered no evidence as to the state of Douglas's assets or his solvency after the transfer. Levine's motion seeks only an attachment on the real property transferred to Cynthia, and on that claim Douglas's post-transfer solvency is an issue on which Levine bears the burden of proof.

4