*Mc√*

STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-17-99

TYLL LLC,

      Plaintiff

v.

           ORDER

SARA SULLIVAN LLC, et al.,

      Defendants

REC'D CUMB CLERK'S OFF
APR 11 '19 4:54

Before the court are plaintiff Tyll LLC's motion for summary judgment and its motion for an attachment on its claim for unpaid rent under a lease for certain premises in Portsmouth New Hampshire.

Tyll's two motions were filed simultaneously and depend on the same moving affidavit. However, the differences between the two motions are demonstrated by the discussion below.

Summary Judgment

Summary judgment should be granted if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. In considering a motion for summary judgment, the court is required to consider only the portions of the record referred to and the material facts set forth in the parties' Rule 56(h) statements. *E.g., Johnson v. McNeil,* 2002 ME 99 ¶ 8, 800 A.2d 702. The facts must be considered in the light most favorable to the non-moving party. *Id.* Thus, for purposes of summary judgment, any factual disputes must be resolved against the movant. Nevertheless, when the facts offered by a party in opposition to summary judgment would not, if offered at trial, be sufficient to withstand a motion for

**Plaintiff–Jonathan Flagg, Esq.**
**Defendants–Michael Bosse, Esq.**

judgment as a matter of law, summary judgment should be granted. *Rodrigue v. Rodrigue*, 1997 ME 99 ¶ 8, 694 A.2d 924.

On a motion for summary judgment, the issue of whether a factual dispute for trial exists must essentially be based on the material facts set forth in the moving party's Rule 56(h)(1) statement of material facts and on the opposing party's Rule 56(h)(2) response and statement of additional facts that the opposing party contends raised a disputed issue for trial. While Rule 56(h0(3) contemplates a reply statement of facts by the moving party supported by record citations, that is generally intended to allow the movant to place opposing factual assertions in context and is not an opportunity to argue for summary judgment based on new facts to which the opponent has not had an opportunity to respond.

In this case, defendants Sara Sullivan LLC and Sara Sullivan[1] have submitted evidence that there was an oral agreement to terminate the lease in contemplation of a new tenant being obtained and that, in reliance on that agreement, Sullivan vacated the premises during a time of the year when her business would have made enough money to cover the lease payments. That evidence creates disputed issues of fact for trial.[2] Tyll argues that this evidence is foreclosed because there was a provision in the contract that required modifications to be in writing. However, under applicable New Hampshire law, such provisions do not necessarily preclude an oral agreement to terminate a contract. *See Prime Financial Group Inc. v. Masters,* 141 N.H. 33, 37, 676 A.2d 528, 531 (N.H. 1996).

---

[1] Defendants have presented evidence that although an entity named "Sara Sullivan LLC" was a signatory on the lease, no such entity was ever created. This does not affect Tyll's ability to proceed against defendant Sara Sullivan individually because she guaranteed the lease.

[2] Sullivan has also raised a disputed issue for trial as to whether Tyll is receiving more income from the substitute tenant than it would have been owed under the lease. While Sullivan also contends that Tyll cannot bring this case because it did not file a notice of termination of the lease, the court is inclined to agree with counsel for Tyll that such a notice was not required under the circumstances presented here.

Much of Sullivan's evidence has been cast into doubt by additional evidence offered in a supplemental affidavit and exhibits thereto submitted by Michael Michalski. However, there remain disputed issues of fact, and in any event the court is not prepared to grant summary judgment based on materials submitted by a movant in reply papers just because those materials suggest that the movant has a stronger case.

Attachment

To be entitled to an attachment, Tyll must show that it is more likely than not that it will recover judgment in an amount equal to or greater than the amount of the attachment. M.R.Civ.P. 4A(c). Testimonial hearings are not contemplated or required on attachment motions, but the court is entitled to make credibility determinations based on the affidavits and any documentary exhibits if it is able to do so. *See Porazzo v. Karofsky*, 1998 ME 182 ¶ 7, 714 A.2d 826. Tyll is seeking an attachment on real property owned by Sara Sullivan in Maine.

On a motion for attachment, as opposed to a motion for summary judgment, the court is entitled to weigh the strength of the evidence. On the evidence presented, including the emails and other documents attached to Michalski's supplemental affidavit, the court concludes that Tyll has shown that it is more likely than not that it will recover a judgment against Sara Sullivan in the amount of $ 44,400 and will order an attachment against Sullivan's property in that amount.[3] Sullivan has not demonstrated that there is any insurance, bond or other security available to satisfy the judgment.

---

[3] Under the lease and guaranty Tyll is entitled to attorneys' fees for enforcement of the guaranty but the fees sought in the Flagg affidavit do not appear to involve enforcement of the guaranty, and the court has not included those fees in the attachment order.

3

The entry shall be:

1. Plaintiff's motion for summary judgment is denied.

2. Plaintiff's motion for an attachment against defendant Sara Sullivan is granted. An attachment in the amount of $44,400 is ordered in favor of Tyll LLC against any real property owned by Sara Sullivan in the State of Maine.

3. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: April _11_, 2018

Thomas D. Warren
Justice, Superior Court