STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-20-283

CARDINAL EXTERIORS, LLC,

      Plaintiff

v.

ORDER

'RE'D CLHE CLERK'
NOV 12 '20 AM 9:05

NBA CARPENTRY AND REMODELING, LLC,
et al.,

Before the court is a motion by plaintiff Cardinal Exteriors LLC for attachment and attachment on trustee process against defendants NBA Carpentry and Remodeling LLC and Nicholas Andrews personally.

A hearing was held on Zoom on November 9, 2020 to give counsel for NBA and Andrews the opportunity to respond to the affidavits and arguments submitted by Cardinal in its reply papers on the attachment motion.[1] Based on the affidavits and other documents that have been filed and on the arguments at the hearing the court concludes that it is more likely than not that Cardinal will recover judgment against NBA in the amount of $ 208,224.00 and accordingly will grant a motion for attachment and attachment on trustee process against NBA in that amount.

Although the Andrews affidavit disputes many of the essential facts on which attachment is sought, the court can weigh the credibility of the affidavits submitted on a motion for attachment. *Porrazzo v. Karofsky*, 1998 ME 182 ¶ 7, 714 A.2d 826. In this instance the court finds the affidavits submitted by Cardinal to be more persuasive. This is not just because Cardinal has submitted affidavits from three people as opposed to the single affidavit from Andrews. Instead, the court

---

[1] For its part, Cardinal had filed a petition to release a mechanic's lien relating to NBA's third party complaint against Monument Partners. Monument Partners and the other third party defendants have now been dismissed by stipulation and counsel for Cardinal advised the court at the November 9 hearing that its petition to release lien was withdrawn because security had ben substituted by agreement.

finds credible Williamson's denial that, after originally consulting with the architect and confirming that HydroGap was required and communicating that to Andrews,[2] he then – on his own initiative – issued directly contrary instructions a month or so later. The court is aware that construction work often proceeds without many of the contractual formalities that might be expected. However, it also finds credible the affidavits of McCullum and Hourigan that Andrews, despite his denial, reviewed the plans and specifications that were on site in order to plan and perform NBA's work.

In addition, the court is influenced by the fact that two of the affidavits submitted by Cardinal come from persons who were employed by Landry/French, rather than Cardinal, and therefore would not necessarily have a reason to support Cardinal's version of events. In fact, one of the affiants, Williamson, was terminated by Landry/French, which would appear to give him no motivation to adhere to any party line.[3]

On the issue of whether any insurance or other security exists, defendants contend that Cardinal has the burden of proof on this issue. However, the burden of demonstrating that insurance or security exists is on the party opposing attachment. *Maine National Bank v. Anderschat,* 462 A.2d 482, 484 (Me. 1983). Defendants have demonstrated that NBA has a business liability policy, on which there has been a reservation of rights, but they have not shown that there is any insurance on Cardinal's breach of contract claim. The court expresses no opinion as to whether there is coverage under the business liability policy on any of Cardinal's other claims or on any of the issues raised in the reservation of rights letter. It concludes only that on this record

---

[2] Andrews does not dispute that when he first questioned the need for HydroGap, Williamson told him that he had consulted with the architect and that HydroGap was required.

[3] Williamson's termination occurred before the omission of HydroGap was discovered by Landry/French and appears therefore to have been unrelated to that issue.

2

defendants have not met the burden of demonstrating that there is insurance coverage for the alleged breaches of contract by NBA.

The court reaches a different result with respect to Cardinal's motion for attachment against Andrews personally. On Cardinal's claim of fraud against Andrews, it would have to prevail by clear and convincing evidence. While the court has found that Cardinal's affidavits are more credible by a preponderance standard, it does not find that Cardinal's showing would meet the clear and convincing standard.

In its complaint Cardinal has also asserted a claim of negligent misrepresentation against Andrews personally. However, all the evidence that Cardinal has offered on its attachment motion as against Andrews personally is directed to alleged intentional misrepresentation (telling McCullum that HydroGap was being installed even though he knew it was not), not negligent misrepresentation. Moreover, on the issue of whether any such representations were made – even negligently – McCullum says one thing and Andrews another. On that issue the court cannot find Cardinal's showing to be more persuasive.[4]

The entry shall be:

1. The court finds that it is more likely than not that plaintiff Cardinal Exteriors LLC will recover judgment, including interest and costs, against defendant NBA Carpentry and Remodeling LLC in the amount of $208,224 and orders that attachment and attachment on trustee process may be made against the property of defendant NBA Carpentry and Remodeling LLC in that amount.

2. Plaintiff's motion for attachment and attachment on trustee process against defendant Nicholas Andrews is denied.

3. The clerk shall incorporate this order in the docket by reference pursuant to Rule 79(a).

---

[4] The court does not find Cardinal's claim that HydroGap was installed at certain edges, allegedly in an attempt to mislead, is sufficient to carry the day on this issue because Andrews has offered an explanation. *See* Andrews Affidavit ¶ 17.

3

Dated: November 12, 2020

_____
Thomas D. Warren
Justice, Superior Court

Plaintiff–Conor Shankman, Esq.
Defendant–Paul Douglass, Esq.

4