STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-22-72

SUSAN SQUIRES, *et al*

v.                                                                    ORDER

JOSEPH FENDERSON *et al*

Before the court is Defendants' to dissolve the attachment on the claim brought by Plaintiff Susan Squires. On March 4, 2022, the court ordered an ex parte attachment in the amount of $96,524. On October 10, the Defendant filed a motion to recall the attachment. He filed a second motion on October 22 seeking the same relief amongst other relief. After the first hearing was continued a hearing was held in December. The Defendant anticipated a testimonial hearing, but it was not noticed for a testimonial hearing and the court did not have time for what would become a sort of trial. Instead, the court permitted each of the parties to provide supplemental information with respect to the request to dissolve the attachment.

BACKGROUND

Plaintiffs Susan and Kathy Squires and Defendant A & H Improvements, Inc. ("Company") entered into a written contract for a residential home renovation for a lump sum of $191,928. The contract contained a very specific payment plan. There were no written change orders altering the lump sum or the payment method as required by the contract and by the Home Construction Contract Act. The reality was somewhat different as the facts reveal a welter of payment demands and expectations that the court has a difficult time following.

REC'D CUMB CLERKS OFC
FEB 3 '23 AM8:31

Entered on the Docket: 2/3/2023

1

When the court granted the *ex parte* attachment, after concluding it was mote likely than not that the Plaintiffs would recover,[1] the court determined the amount of damages based a list of damages from a letter incorporated in the Plaintiffs' affidavit. With one exception, the categories of damages consisted of work or materials that were paid for but not received. One of the categories, involving the foundation, appeared to involve construction decisions out of the knowledge of a layperson and the court was not persuaded with respect to that claim at that stage. In his supplementary response, the Defendant has squarely challenged each and every one of the categories of damages. The Plaintiff has responded.

On a motion to dissolve attachment, it remains the Plaintiff's burden to show the need for the attachment. M.R.Civ.P. 4A(h). A court may approve attachment and attachment on trustee process upon a finding "that it is more likely than not that the plaintiff will recover judgment . . . in an aggregate sum equal to or greater than the amount" of the attachment or the trustee process. M.R. Civ. P. 4A(c); M.R. Civ. P. 4B(c); To determine whether it is more likely than not that a plaintiff will recover judgment in an aggregate sum at least in the amount sought for attachment, courts assess "the merits of the complaint and the weight and credibility of the supporting affidavits." *Porrazzo v. Karofsky*, 1998 ME 182, ¶ 7, 714 A.2d 826. Courts can consider any clearly applicable affirmative defense raised by the defendant in its determination of whether the requirements of Rules 4A(c) and 4B(c) are met. *Id.* The court need not address complex legal issues or rectify factual disputes in a summary attachment (proceeding)." *Id.*

The court cannot say, based on this record, that the Plaintiffs have sustained their burden to maintain the attachment. The disagreement is sharp and the court is unable to assess the accuracy of each party's allegations. That is not to say that the Plaintiffs will not ultimately

---

[1] The court also found ample evidence that the Defendant may make assets unavailable if notified of the proceeding. M.R.Civ.P. 4A(g).

prevail, but at this stage the court cannot say which issues it might be more likely than not that the Plaintiffs will prevail.[2]

Therefore, the Motion to Vacate the Attachment is GRANTED. The March 4, 2022 Order on Ex-parte Motion for Approval of Attachment and Attachment on Trustee Process is DISSOLVED.

This Order is incorporated on the docket by reference pursuant to M.R.Civ.P. 79(a).


DATE: 2/2/2023

_____
Thomas R. McKeon
Justice, Maine Superior Court

---

[2] The court also notes that insurance defense counsel just entered an appearance. While the court recognizes their may be a reservation of rights, the court cannot discern from the record the amount that the Plaintiff may recover over and above the amount of available liability insurance. M.R.Civ.P. 4A(c).

3

STATE OF MAINE  
CUMBERLAND, ss.

SUPERIOR COURT  
CIVIL ACTION  
DOCKET NO. CV-22-72

SUSAN SQUIRES, *et al*

v.                                                    ORDER

JOSEPH FENDERSON *et al*

Before the court is the motion for reconsideration filed by Plaintiffs Susan and Kathy Squires asking the court to reconsider its order dissolving attachment. A motion for reconsideration must bring to the court's attention an error, omission or new material that could not have been presented. M.R.Civ.P. 7(b)(5). The court may deny the motion without a hearing and before an opposition is filed. *Id.*

First, the Plaintiffs fear fraud based on the Defendants' other legal problems. The Plaintiffs did raise that in their original Motion for Attachment. The court considered that information when choosing to grant the Plaintiffs motion for attachment *ex parte*. Ultimately, however, the Defendant has the right to be heard on the merits of the attachment. At that stage, the court is only concerned with whether the Plaintiffs have met their burden with respect to this case. His history in other matters is no longer relevant.

A court may approve attachment and attachment on trustee process upon a finding "that it is more likely than not that the plaintiff will recover judgment . . . in an aggregate sum equal to or greater than the amount" of the attachment or the trustee process. M.R. Civ. P. 4A(c); M.R. Civ. P. 4B(c); To determine whether it is more likely than not that a plaintiff will recover judgment in an aggregate sum at least in the amount sought for attachment, courts assess "the merits of the complaint and the weight and credibility of the supporting affidavits." *Porrazzo v.*

1

*Karofsky*, 1998 ME 182, ¶ 7, 714 A.2d 826. The court need not address complex legal issues or rectify factual disputes in a summary attachment (proceeding)." *Id.*

The Plaintiffs ask the court to reject the credibility of Fenderson's affidavit. The court, however, carefully reviewed each allegation of financial misconduct and compared it to Fenderson's response. The court simply could not make a credibility determination on any of the categories of losses based on the record before the court. It demonstrated why complex factual disputes are ill suited for resolution in the context of an attachment motion.

The Plaintiffs' motion correctly pointed out an omission in the court's order. While insurance is available in the Pretorious claim, it is not available for the Squires claim. Although the court raised the issue in its order, the existence of insurance was not a basis for the court's decision.

Although Motions for Reconsideration are not favored, the court appreciates the reasons for the Plaintiffs' alarm and why they felt the motion was necessary. The court is open to requests from either party to have the case set for trial on an expedited basis.

The entry is:

Motion for Reconsideration is DENIED.

This Order is incorporated on the docket by reference pursuant to M.R.Civ.P. 79(a).

DATE: 2/4/23

Thomas R. McKeon
Justice, Maine Superior Court

2

STATE OF MAINE                        SUPERIOR COURT
CUMBERLAND, ss.                       CIVIL ACTION
                                      DOCKET NO. CV-22-72

SUSAN SQUIRES, *et al*


v.                                    ORDER

JOSEPH FENDERSON *et al*

Before the court is Defendants' Motion to Compel Arbitration on the claim brought by

Plaintiff Kristin Pretorius. For the reasons described below, the motion is granted as to Plaintiff

Kristin Pretorius claim against A.H. Custom Builders. The motion is otherwise denied.

                                  BACKGROUND

This case arises out of two separate residential construction projects. In each case,

Defendant A & H Improvements, Inc. ("Company") signed contracts with a different

homeowner. The contract between the Company and Pretorius contains an arbitration clause.

The contract between the Company and Plaintiffs Susan and Kelly Squires does not contain an

arbitration clause. The Squires' complaint is not affected by the pending motion. There is no

written agreement between Pretorius and the individual defendants, Joseph and Susan Fenderson.

Defendants filed this Motion in order to compel arbitration in accordance with the

contract. Plaintiff argues that the timing of the Motion is too late and that the Defendants have

waived arbitration. The Plaintiff also argues that absent a written agreement to arbitrate,

arbitration is not available in her case against the individual Defendants. The Defendants were

served in April, 2022, they answered the complaint, and the court issued a scheduling order on

May 3.

The motion to compel was not filed until October 25, 2022. Other than the Answer and

this Motion to Compel, court file does not reflect any activity regarding Plaintiff Pretorius.

1

REC'D CUMB CLERKS OFC
DEC 27 '22 PM4:26

Between the May scheduling order and the October motion to compel arbitration, the Defendants responded to written discovery served by the Plaintiffs. There also appears to been extended discussion regarding mediation which had to be postponed. There has also been motion practice relating to the Squires complaint. Defendants explain the delay because they did not appear to have a copy of the contract. There is no evidence that the Defendants' counsel ever asked the Plaintiffs for a copy or served discovery asking for a copy. The Defendant Company did not have a copy of the contract because of access to the electronic signature website.

In order to compel arbitration, there must be a written arbitration agreement. A party cannot be forced to arbitrate without a writing indicating a contractual intent to be bound to do so. *Roosa v. Tillotson,* 1997 ME 121, ¶ 4. Once there is a written agreement to arbitrate, Maine has a broad presumption favoring substantive arbitrability. *Champagne v. Victory Homes,* 2006 ME 58, ¶ 9.

> The presumption requires a finding that the dispute has been subjected to arbitration if "(1) the parties have generally agreed to arbitrate disputes, and (2) the party seeking arbitration presents a claim that, on its face, is governed by the arbitration agreement." Id. (citation omitted). Because of this strong legislative policy, a court will find a dispute arbitrable 'unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage.

*V.I.P., Inc. v. First Tree Dev.,* 2001 ME 73, ¶4 (quotations and citations omitted).

With respect to Defendants Joseph and Susan Fenderson, they do not have a contract with the Pretorius. Therefore, the court cannot compel arbitration on the case against them. The court recognizes that the case against the individual Defendants arise out of the same events as the case against the Company. Nevertheless, the court does not have authority to compel arbitration where there is no contract. Neither party has provided the court with any authority as to whether they can be brought within the umbrella of the arbitration provision under these circumstances.

2

Therefore, with respect to the individual Defendants, the court denies the motion to compel arbitration.

With respect to the Company, the arbitration provision is in a written contract, it is unambiguous and it is enforceable. The only issue is whether the timing of the motion to compel means that the Company waived its right to arbitration. The Law Court has addressed the factors to be considered when determining whether a party has waived the right to compel arbitration.

> A party may, by engaging in litigation, implicitly waive its contractual right to arbitrate. The relevant question is whether the parties have litigated "substantial issues going to the merits" of the arbitrable claims without any indication that, despite the dispute's presence in court, a party intends to exercise its contractual right to arbitration. Such litigation does not need to involve dispositive motions, though many courts finding waiver have noted the presence of such motions. Essentially, the party now seeking to compel arbitration must have demonstrated a "preference for litigation" over arbitration.

*Saga Communs. of New England, Inc. v. Voornas*, 2000 ME 156, ¶ 12, 756 A.2d 954 (citations and quotations omitted). The court should consider whether the party claiming a waiver has been prejudiced by a delay in a motion to compel. Id. ¶ 16.

"Prejudice . . . refers to the inherent unfairness--in terms of delay, expense, or damage to a party's legal position--that occurs when the party's opponent forces it to litigate an issue and later seeks to arbitrate that same issue." *Id.* ¶ 17. "Delay alone, or expenses that would have also been incurred in arbitration, are not enough to support a finding of prejudice. *Id., see Goodrich Home Builders v. Melinda M*, 2021 Me. Super. LEXIS 140, *6 (no waiver when litigation has been limited mostly to discovery and procedural motions).

Here, the court finds that while there was significant delay before the motion seeking arbitration, the Plaintiffs were not prejudiced by the delay. The only events that have occurred, discussion regarding mediation and basic written discovery, are largely duplicative of what would have occurred had the case gone to arbitration. The record does not reflect that the

Company was choosing litigation over arbitration. There is no evidence that they initiated any litigation activity other than a motion relating to the other Plaintiff's attachment. The court does not give any weight to the Company's argument that they could not locate the contract. Instead, the law's presumption favoring arbitration, the lack of prejudice to the Plaintiffs, and the lack of litigation activity initiated by the Company persuades the court to rule in favor of arbitrability.

The court recognizes that when the case against the Company proceeds in arbitration and the case against the individuals proceeds in court creates an inefficient process, but that is not a basis for the court to deny a motion to compel a legally enforceable arbitration agreement. On reflection, the Company may choose to waive arbitration to allow the matters to proceed together, or at least make agreements regarding completing discovery and mediation together.

The entry is:

Defendants' Motion to Compel Arbitration is GRANTED only with respect to the Plaintiff Kristin Pretorius claim against A.H. Custom Builders. With any respect to any other claims, the motion is DENIED.

Plaintiff Kristin Pretorius' claim against A.H. Custom Builders is STAYED pending the result of arbitration. All other claims will proceed in accordance with the court's scheduling order.

This Order is incorporated on the docket by reference pursuant to M.R.Civ.P. 79(a).


DATE: _12/27/22_

Thomas R. McKeon
Justice, Maine Superior Court


4