2004 ME 73

**Daniel SANFORD**

v.

**TOWN OF SHAPLEIGH.**

Supreme Judicial Court of Maine.

Submitted On Briefs: March 24, 2004.

Decided: June 3, 2004.

operated or maintained.

Guy D. Loranger, Esq., Nichols & Webb, P.A., Saco, for plaintiff.

Elizabeth Knox Peck, Esq., Mark V. Franco, Esq., Thompson & Bowie, LLP, Portland, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, and LEVY, JJ.

LEVY, J.

[¶ 1] The Town of Shapleigh appeals from a judgment entered in the Superior Court (York County, *Brennan, J.*) denying the Town's motion for a summary judgment in a negligence action filed by Daniel Sanford. Sanford injured his left bicep while loading a piece of plywood into a trash bin at the Town's waste facility. The Town contends that the Superior Court erred by finding that the freestanding trash bin constitutes an appurtenance to a public building, thus removing the Town from the immunity provisions of the Maine Tort Claims Act, 14 M.R.S.A. §§ 8103(1), 8104–A(2) (2003). It also contends that the court erred by finding that Sanford's complaint alleged a cause of action for the negligent operation of a public building. We conclude that the trash bin is not an appurtenance to a public building and that the Town should be awarded a summary judgment.

## I. BACKGROUND

[¶ 2] The Shapleigh waste transfer station consists of a permanent, large garage-type structure with two levels that are both accessible by automobile.[1] The upper level handles household trash, and the lower level handles recyclable and demolition materials. There are also trash bins outside of the lower level of the building that are used for larger items of trash. These bins are freestanding, have wheels, and are located in a parking lot.

[¶ 3] On August 3, 2002, Daniel Sanford went to the waste facility to dispose of some trash. First, he went to the upper level and disposed of household trash. He then drove to the lower level where an attendant directed him to one of the freestanding bins outside of the building. The door to the bin was closed. Sanford loaded some small, light pieces of scrap wood into the bin and then leaned a heavy piece of plywood against the bin. The attendant told Sanford to place the plywood inside the bin. As he lifted the plywood, Sanford felt a ripping sensation in his left bicep. Sanford testified that several days after the incident, the attendant's supervisor called Sanford and stated that the attendant should have helped him, the bin should have been open, and remedial actions would be taken.

[¶ 4] Sanford filed a complaint against the Town alleging negligence in the design, operation, construction, maintenance, and supervision of the transfer station and seeking compensatory damages, punitive damages, and attorney fees. The Town raised the affirmative defense of immunity pursuant to section 8103 of the MTCA, which provides that "all governmental entities shall be immune from suit on any and all tort claims seeking recovery of damages." 14 M.R.S.A. § 8103(1). The Act creates an exception to immunity when a governmental entity is negligent in "the

---

1. An independent company, Pine Tree Waste, operates the upper level of the facility. An attendant employed by the Town supervises the lower level and the freestanding trash bins.

construction, operation or maintenance of any public building or the appurtenances to any public building." 14 M.R.S.A. § 8104–A(2).

[¶ 5] The Town denied that the trash bin is an appurtenance to a public building and filed a motion for a summary judgment. The Superior Court denied the Town's motion. It concluded that the trash bin was an appurtenance within the meaning of section 8104–A(2) because its function— the collection of trash brought to the transfer station—was integral to the operations of the transfer station:

> This court finds that the statements of material facts create a genuine dispute as to whether the lower level area housing the freestanding trash bin was integral to the transfer station's basic purpose. For example, when a patron arrives at the facility, after disposing of their household trash at the upper level a sign directs the patron to the lower level to see the attendant and dispose of the rest of their trash.... Moreover, the scope of the trash bin's function is significantly connected to the waste transfer station's function of processing waste. Hence, this court finds that the function of the trash bin falls within the narrowly defined statutory concept of an appurtenance ....

The court also determined that there were disputed issues of material fact pertaining to whether the Town was negligent in the construction, operation or maintenance of the waste transfer station. The Town appeals from the Superior Court's denial of its motion for a summary judgment.

2. We have previously considered the exception for appurtenances established in section 8104–A(2) without having defined the term. In *Kitchen v. City of Calais,* 666 A.2d 77, 78–79 (Me.1995), we concluded that the raised blacktopped curbing in the parking area of a police station was not an appurtenance to the police station. In *Stretton v. City of Lewiston,* 588 A.2d 739, 741 (Me.1991), we determined that an unimproved athletic field was not an appurtenance to a public high school.

## II. DISCUSSION

[¶ 6] Contrary to the general rule governing interlocutory appeals, "the denial of a motion for a summary judgment based on a claim of immunity is immediately reviewable pursuant to the death knell exception to the final judgment rule." *Webb v. Haas,* 1999 ME 74, ¶ 5, 728 A.2d 1261, 1264 (quotation marks omitted). We review the denial of a motion for a summary judgment for errors of law by viewing the evidence in the light most favorable to Sanford. *See id.* ¶ 18, 728 A.2d at 1267.

[¶ 7] The decision of whether the freestanding trash bin at the Shapleigh waste facility constitutes an appurtenance to a public building turns on the definition of the term appurtenance as it is employed in section 8104–A(2) of the MTCA. The MTCA does not define the term, nor is it otherwise defined in Maine statutes.[2]

[¶ 8] Preliminarily, we acknowledge that the function-based definition employed by the Superior Court in concluding that the trash bin is an appurtenance is sensible and offers a practical standard. Nonetheless, for the reasons that follow, we decline to adopt a function-based approach and rely instead on a more restrictive understanding of the term.

[¶ 9] An appurtenance is traditionally regarded as "[s]omething that belongs or is attached to something else," and appurtenant means being "[a]nnexed to a more important thing." BLACK'S LAW DICTIONARY 98 (7th ed.1999). "'Appurtenances' are things belonging to another thing as principal and which pass as incidents to the particular thing ...."

77 AM. JUR. 2D *Vendor and Purchaser* § 99 (1997). The term is commonly employed in connection with land conveyances to describe objects or things that pass to a grantee as an incident of the transfer. "[A]s used in conveyances, the term passes nothing but the land and such things as belong thereto and are a part of the realty." *Id.* Appurtenances generally include buildings and fixtures, but do not include personal property. *Id.* Fixtures are distinguished from personal property because they are "regarded as an irremovable part of the real property" with which they are associated. BLACK'S LAW DICTIONARY 652 (7th ed.1999).

[¶ 10] Our construction of the term appurtenance as used in section 8104–A(2) must also be informed by the exacting approach we follow when construing the exceptions to immunity under the MTCA. The general rule under the MTCA is that "all governmental entities shall be immune from suit on any and all tort claims seeking recovery of damages." 14 M.R.S.A. § 8103(1). "[S]overeign immunity is the rule, and liability for governmental entities [is] the statutorily created, narrowly construed exception." *Clockedile v. Me. Dep't of Transp.*, 437 A.2d 187, 189 (Me.1981). We construe exceptions to immunity strictly so as to adhere to immunity as the general rule. *Thompson v. Dep't of Inland Fisheries & Wildlife*, 2002 ME 78, ¶ 5, 796 A.2d 674, 676. In addition, because the MTCA employs appurtenance as a technical term, we are guided by the rule that "[t]echnical words and phrases and such as have a peculiar meaning convey such technical or peculiar meaning." 1 M.R.S.A. § 72(3) (1989).

[¶ 11] Accordingly, for purposes of section 8104–A(2), an appurtenance is an object or thing that belongs or is attached to a public building, and does not include personal property maintained outside the building. *Cf. Adriance v. Town of Standish*, 687 A.2d 238, 239–40 (Me.1996) (holding that a waste transfer station was a public building under 14 M.R.S.A. § 8104–A(2) where the plaintiff sustained injuries while using a trash bin inside the facility). This definition is consonant with the strict construction required for exceptions to immunity under the MTCA. In contrast, a function-based definition of appurtenance would expand governmental liability by including personal property integral to the activities undertaken at a public building without regard to whether the property belongs or is attached to the building. A function-based definition would compel us to construe section 8104–A(2) as establishing an exception to immunity for all property that is functionally integral to the "construction, operation or maintenance of any public building," such as the trash bin at issue in this case. 14 M.R.S.A. § 8104–A(2). Such a construction is not supported by the statute's plain language or purpose.

[¶ 12] The freestanding trash bin outside of the Shapleigh waste facility building is personal property that does not belong and is not attached to the building. Because the trash bin is not an appurtenance, Sanford's injury is one for which the Town of Shapleigh is afforded governmental immunity from suit by section 8103(1). Accordingly, the Town is entitled to entry of a summary judgment, and we do not address the Town's additional argument that the complaint failed to allege facts constituting negligence.

The entry is:

Judgment vacated. Remanded to the Superior Court for entry of a summary judgment for the Town of Shapleigh.