2006 ME 56

**John H. HAYDEN Jr. et al.**

v.

**Thomas ORFE et al.**

Supreme Judicial Court of Maine.

Argued: April 10, 2006.
Decided: May 12, 2006.

Jens Peter Bergen (orally), Kennebunk, for the plaintiff.

Stephen Brett (orally), York Beach, for the defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, DANA, ALEXANDER, CALKINS, LEVY, and SILVER, JJ.

PER CURIAM.

[¶ 1] Thomas and Christina Orfe appeal the Superior Court's (York County, *Fritzsche, J.*) denial of their motion to vacate the entry of a stipulated judgment, resolv-

ing a boundary dispute between the Orfes and John and Elaine Hayden. We conclude that the appeal is interlocutory and must be dismissed. We also impose sanctions because the appeal is frivolous.

## I. BACKGROUND

[¶ 2] Thomas Orfe conveyed a portion of his property in South Berwick to John H. Hayden Jr. by deed in September 1992. The resulting parcels share a common boundary along Muddy Brook Road. A dispute arose between the neighbors regarding the actual location of the road, and in 2003, the Haydens filed suit against the Orfes alleging intentional misrepresentation, negligent misrepresentation, two counts of trespass, unjust enrichment, and seeking preliminary and permanent injunctions against further trespass, deed reformation, punitive damages, and a declaratory judgment as to the location of the common boundary. The Orfes answered and counterclaimed for a declaratory judgment and permanent injunction that would bar the Haydens from interfering with their right-of-way.

[¶ 3] The Superior Court granted the Orfes' motion for summary judgment as to the unjust enrichment claim in September 2004. The parties participated in a judicial settlement conference with Justice G. Arthur Brennan in October 2004, which resulted in an agreement to complete a stipulated judgment encompassing the terms of their settlement. In December, the parties, along with Justice Brennan and a surveyor, walked the parcel, took measurements, and set new pins. The Orfes' attorney subsequently prepared and submitted a draft of the judgment to the Haydens' attorney, who, in turn, submitted the judgment to the court for approval. The judg-

ment submitted by the Haydens' attorney was identical to that prepared by the Orfes' attorney, and he mailed copies of it, together with copies of correspondence that included the transmittal letter addressed to the Clerk of the Superior Court, to the Orfes' counsel.[1] The court entered the stipulated judgment on March 18, 2005.

[¶ 4] The stipulated judgment establishes a process and schedule by which the parties are to obtain a legal description of their agreed-to common boundary, exchange deeds, and take other steps as a prelude to the entry of a final judgment that will dismiss the parties' remaining claims with prejudice. A separate section of the stipulated judgment also reflects that there is a "subsequent final Judgment to be entered."

[¶ 5] The Orfes filed a motion captioned "Motion in Opposition to Order Granting Stipulated Judgment" on March 25, 2005, arguing, inter alia, that the Orfes had not consented to the judgment and that the Haydens' attorney had *"NEVER* notified Defendants or their attorney that he intended to, and in fact did, submit the Proposed Stipulated Agreement to the Court for final approval which constitutes a breach of the code of ethics as stated in the Maine Rules of Professionalism." The motion was not supported by affidavits. The Haydens responded to the motion by filing a memorandum of law supported by the affidavits of their attorney and his secretary that denied the assertions made in the Orfes' motion, together with copies of correspondence and other documents, including a copy of a transmittal letter addressed to the Clerk of Court, which establish that the Haydens' attorney had

---

1. The dates for the completion of the survey and closing date, left blank in the Orfe draft, were inserted in the Hayden draft submitted to the court on March 7, 2005. In all other respects the documents are identical.

notified the Orfes' attorney that he had submitted the stipulated judgment to the court. The court denied the motion after a hearing at which the Orfes did not seek to introduce evidence. The court's written order extended the periods for the parties to complete the exchange of deeds and other steps required by the stipulated judgment. The Orfes filed a motion for reconsideration, again not supported by affidavit, which was denied by the court without a hearing. This appeal followed.

## II. DISCUSSION

[¶ 6] "Except for a 'few, narrow and well-defined' exceptions, parties may not appeal a decision until a final judgment has been rendered in the case." *Norton v. Town of Long Island,* 2003 ME 25, ¶ 6, 816 A.2d 59, 61 (quoting *State v. Me. State Employees Ass'n,* 482 A.2d 461, 464 (Me. 1984)). Here, the March 18, 2005, stipulated judgment is not a final judgment because, by its own terms, it is to be followed by a process that will lead to the entry of a "final judgment." Furthermore, the Orfes do not assert that this case falls within any of the recognized exceptions that justify an interlocutory appeal, nor do we perceive any exceptions that apply under these circumstances. Accordingly, we dismiss the appeal.

[¶ 7] We also conclude that this appeal is frivolous. The focus of the appeal is the Orfes' claim that they were unaware that the Haydens' attorney had submitted the proposed stipulated judgment to the Superior Court prior to its entry by the court. As previously noted, neither of the motions filed by the Orfes following the entry of the stipulated judgment were sup-ported by affidavits, and the Orfes tendered no evidence before the Superior Court to support their claim. Accordingly, the Orfes pursued this interlocutory appeal without any record support for their assertions.

[¶ 8] The imprudence of this course became apparent at oral argument on appeal because the Orfes' attorney demonstrated uncertainty as to whether and when he received copies of the stipulated judgment and the transmittal letter to the clerk from the Haydens' attorney. The Orfes' attorney at first acknowledged that he had received copies of the stipulated judgment and the transmittal letter when he picked up his mail on March 12, 2005. This was six days prior to the court's entry of the stipulated judgment, thus establishing that he had notice that the stipulated judgment had been submitted to the court prior to its entry. Later, during his rebuttal argument, the Orfes' attorney stated that he had misspoken, and that he had not received the documents prior to the entry of the stipulated judgment by the court.

[¶ 9] We issue sanctions when " 'an appeal is obviously without any merit and has been taken with no reasonable likelihood of prevailing, and results in delayed implementation of the judgment of the lower court; increased costs of litigation; and dissipation of the time and resources of the Law Court.' " *Town of Naples v. Yarcheski,* 2004 ME 100, ¶ 11, 854 A.2d 185, 188 (quoting *Auburn Harpswell Ass'n v. Day,* 438 A.2d 234, 239 (Me. 1981)). This appeal is such a case, and an award of attorney fees and costs to the Haydens is appropriate.[2]

---

2.  Although we do not reach the merits of this appeal, we remind the parties of the requirements of Canon 4(F) of the Maine Code of Judicial Conduct, as it may apply to future proceedings in this case. Canon 4(F) prohibits judges from acting as arbitrators. M. Code Jud. Conduct I(4)(F). Paragraph 13 of the parties' stipulation provides that, "In the event of a dispute arising in the preparation or implementation of this Judgment, Justice

The entry is:

Appeal dismissed. Case remanded to the Superior Court for further proceedings and for the assessment of treble costs and reasonable attorney fees in the amount of $1000.

G. Arthur Brennan shall act as binding arbitrator as to any and all matters upon which the parties fail to agree." Canon 4(F) prevents the parties from designating Justice Brennan to serve as a binding arbitrator in this case. The Canon does not, however, preclude Justice Brennan from conducting further judicial settlement conferences in this case if, in the exercise of his judicial discretion, he determines that the same are necessary.