STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss.                                   CIVIL ACTION
                                                  DOCKET NO. RE-06-204

                        2007 JUL 30  P 3: 21

MICHAEL T. HARTNEY and
SHERYL J. HARTNEY

            Plaintiffs
                                          ORDER ON
     v.                                   CROSS-MOTIONS FOR
                                          PARTIAL SUMMARY
                                          JUDGMENT
WINSOR GREEN ON BRANDY
POND CONDOMINIUM
ASSOCIATION

            Defendant


Before the Court are cross-motions for partial summary judgment of

Plaintiffs Michael Hartney and Sheryl Hartney ("Plaintiffs") and Defendant

Winsor Green on Brandy Pond Condominium Association ("Defendant").

### UNDISPUTED FACTS AND PROCEDURAL HISTORY

The Winsor Green Condominium ("Condominium") was created by and

subject to a declaration of condominium ("Declaration") dated December 2, 1987.

Portions of the Declaration relevant to the present motion read as follows:

> 4.3.  Limited Common Element Boat Slips.  The Declarant has
> reserved the right to construct and locate on the Land and in the
> water adjacent to the Land docks and up to forty (40) boat slips
> appurtenant thereto . . . With respect to such boat slips, the
> Declarant has reserved the right . . . to allocate such boat slips as
> Limited Common Elements appurtenant to the ownership of
> certain Units . . .
>
> 5.1.2.  . . . Any or all boatslips and docks so constructed may be, but
> need not be, allocated to Unit Owners as Limited Common
> elements appurtenant to such Units in the sole discretion of the
> Declarant . . . . In the event such boatslips and docks are
> constructed and not allocated as Limited Common Elements, then
> the same shall be Common Elements . . . .

1

> 7.3. <u>Limited Common Elements, Maintenance</u>. The Association shall maintain, repair and replace all Limited Common Elements as required by this Declaration and shall assess as a Limited Common Expense the Common Expenses associated with the maintenance, repair or replacement of each Limited Common Element . . . against the Units to which the Limited Common Element is assigned or appurtenant in proportion to the relative Allocated Interests of such Units as between themselves, . . . . The Association shall be responsible for all structural repairs and replacements of all Limited Common Elements, except for windows, and the Costs thereof shall be assessed to all Unit Owners as a Common Expense .
> . . .

Docks and boatslips were eventually constructed, with exclusive rights to use of the boat slips granted by deed to specific unit owners within the Condominium. No mentions of the docks are present with these deeds. While the Condominium classifies the boat slips as Limited Common Elements, and therefore assesses costs associated with the upkeep of the boat slips to the unit owners to which the slips are deeded, it classifies the docks as Common Elements and therefore charges all unit owners for their upkeep and maintenance.

Under the Condominium's Rules and Regulations, promulgated on or about November 17, 1990, "the docks of the Condominium are available to all Unit Owners and their guests for walking, sitting, sunning and fishing purposes as long as such uses do not interfere with the rights of the owners of slips to dock their boats" while "[s]lips may be used only by the Unit Owners owning the same or the tenants or guests of such Unit Owner." (Def.'s Exh. E.)

On October 5, 2005, Plaintiffs filed a six count Complaint against Defendant. On the present motion for summary judgment, each side seeks judgment in its favor on Count I (Quiet Title) and Count II (Declaratory

2

Judgment).[1] Disposition of both of these Counts rests on whether Defendant had the right pursuant to the Declaration and the Maine Condominium Act ("Act"), 33 M.R.S.A. §§ 1601-101 – 1604-118, to classify its boat slips as Limited Common Elements while leaving its docks classified as Common Elements.

## DISCUSSION

Under the Act, all portions of a condominium other than units are generally considered Common Elements. 33 M.R.S.A. § 1601-103(4). In contrast, Limited Common Elements are "common elements allocated by the declaration . . . for the exclusive use of one or more but fewer than all of the units.[2]" 33 M.R.S.A. § 1601-103(16). Based on these two statutory provisions, it is clear that if the docks in this case are to be considered Limited Common Elements, that classification must have been made in the Declaration. The plain language of the Declaration, however, makes clear that the docks are not Limited Common Elements.

Section 5.1.2 of the Declaration explicitly states that any docks or boat slips constructed *"may be but need not be,* allocated to Unit Owners as Limited Common Elements appurtenant to such Units." (emphasis added). The same section goes on to state that any docks or boat slips constructed that are not designated as Limited Common Elements are Common Elements. When Defendant granted exclusive rights to use of the boat slips to specific Unit

---

[1] Although Defendant's brief is styled as merely an opposition to Plaintiffs' motion for partial summary judgment, its conclusion section asks the Court to "deny Plaintiffs' Partial Motion for Summary Judgment and grant partial summary judgment in favor of Defendant . . . ." (Def.'s Br. at 5.)

[2] 33 M.R.S.A. § 1601-103(16) also considers certain unit fixtures to be Limited Common Elements by operation of law. Plaintiff has not argued that the docks in this case fall within this class of Limited Common Elements, nor does it appear that they could be so classified.

owners, those boat slips undisputedly became Limited Common Elements. Those deeds, however, granted no such exclusive rights in the docks to any specific unit owners and, in fact, the Condominium's Rules and Regulations state that any unit owner can use the docks.

Despite these undisputed facts, Plaintiffs read great significance into language in the Declaration stating that the boat slips are "appurtenant" to the docks. Plaintiffs conclude that, therefore, if the boat slips are Limited Common Elements, the docks must likewise be Limited Common Elements. In support of this proposition, Plaintiffs cite a case in which the Law Court recognized that "[a]n appurtenance is traditionally regarded as 'something that belongs or is attached to something else,' and appurtenant means being 'annexed to a more important thing.'" *Sanford v. Town of Shapleigh*, 2004 ME 73, ¶ 9, 850 A.2d 325, 328 (quoting BLACK'S LAW DICTIONARY 98 (7th ed. 1999)). Further, appurtenances are things that belong "to another thing as principal and which pass as incidents to the particular thing . . . ." *Id.* ¶ 9, 850 A.2d at 328-29 (quoting 77 AM. JUR. 2D *Vendor and Purchaser* § 99 (1997)).

Contrary to Plaintiffs' argument, *Sanford* does not aid its case. The general definitions supplied therein would only be helpful if it were this Court's role to determine whether the boat slips are "appurtenances" to the docks in question. That issue, however, is not in dispute. The question raised is whether Defendant had the power to classify the boat slips appurtenant to the docks differently from the docks. *Sanford* simply does not speak to this issue.

Plaintiffs' only remaining argument rests on language in the Allocable Limited Common Element Plat and the Condominium Plat, both of which are made part of the Declaration pursuant to 33 M.R.S.A. § 1602-109, stating that

4

Defendant has the right to designate "docks and boat slips" as Limited Common Elements. Because this language uses the conjunctive regarding docks and boat slips, Plaintiffs urge that the Limited Common Element Plat and Condominium Plat require both to be classified identically. Plaintiffs' argument is unconvincing. The plain language of these documents merely gives Defendant the option of declaring docks Limited Common Elements and declaring boat slips Limited Common Elements. Nothing, implies that the classification of one is linked to the classification of the other.

Therefore, the entry is:

> Plaintiffs' motion for summary judgment on Count I and Count II of their Complaint is DENIED. Defendant's motion for summary judgment on Count I and Count II of Plaintiffs' Complaint is GRANTED. Judgment for Defendant on Count I and Count II.

> The clerk shall incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated at Portland, Maine this 30ᵗʰ day of July, 2007.

Robert E. Crowley
Justice, Superior Court

= COURTS
.nd County
·ox 287
ıe 04112-0287

DAVlD HIRSHON ESQ
TOMPKIN CLOUGH HIRHSON & LANGER
PO BOX 15060
PORTLAND ME 04112-5060

: COURTS
ıd County
ɔx 287
e 04112-0287

FRANK CHOWDRY ESQ
JENSEN BAIRD GARDNER & HENRY
PO BOX 4510
PORTLAND ME 04112