STATE OF MAINE                                    SUPERIOR COURT
                                                   CIVIL ACTION
YORK, ss.                                   DOCKET NO. CV-06-359


KAREN J. KELLETT,

                    Plaintiff


        v.                                ORDER AND DECISION


MAINE COMMUNITY COLLEGE
SYSTEM
and
YORK COUNTY COMMUNITY                     DONALD L. GARBRECHT
COLLEGE,                                     LAW LIBRARY

             Defendants                      APR 02 2008


        On October 26, 2004 the plaintiff Karen Kellett, who was a student at defendant

York County Community College in Wells, tripped over some computer wires which

connected the computers on tables to plugs on the floor, fell and was injured. She has

sued both the Maine Community College System and the York County Community

College. The defendants have filed a motion for summary judgment, which has been

briefed and argued, claiming that they are immune from suit.

        The Maine Tort Claims Act provides that, "Except as otherwise expressly

provided by statute, all governmental entities shall be immune from suit on any and all

tort claims seeking recovery of damages." 14 M.R.S.A. §8103(1). The defendants come

within the definition of the term "State" and are thus "governmental entities", 14

M.R.S.A. §8102(4) and (2).

        The Maine Tort Claims creates four types of related exceptions to immunity, at

14 M.R.S.A. §8104-A, governing: (1) the ownership, maintenance or use of vehicles,

machinery or equipment; (2) public buildings; (3) discharge of pollutants, and; (4) road construction, street cleaning or repair. The parties agree that the only possible basis for an exception from immunity is found at 14 M.R.S.A. §8104-A(2) governing public buildings.

The relevant portion of the public buildings exception to immunity from suit states, "A governmental entity is liable for its negligent acts or omissions in the constructing operation or maintenance of any public building or the appurtenances to any public building." The initial question is whether the wires or cables in the computer laboratory which connect the computers to plugs in the floor are within the scope of "any public building or the appurtenances to any public building."

Certainly the wires or cables were inside a public building. That fact is however insufficient pursuant to *Sanford v. Town of Shapleigh*, 2004 ME 73, ¶11, 850 A.2d 325, 329, which is a case which involved an injury at a freestanding trash bin at the town's waste transfer station. The Law Court stated, "an appurtenance is an object or thing that belongs to or is attached to a public building, and does not include personal property maintained outside the building." The Court had stated at ¶9 that "Appurtenances generally include buildings and fixtures, but do not include personal property."

In the *Sanford* case the Law Court explicitly rejected a "function-based definition (which) would compel us to construe Section 8104-A(2) as establishing an exception to immunity for all property that is functionally integral to the 'construction, operation or maintenance of any public building' such as the trash bin at issue in this case." See ¶11.

Based on the *Sanford* decision the cables and wires in the computer laboratory are not a public building or an appurtenance to any public building. They may be within a building or "functionally integral" to the operation of a community college but they are not within the exceptions to immunity from suit.

2

The conclusion that the defendants are immune from suit is consistent with the Maine Tort Claims Act as a whole. The four categories of exceptions from immunity from suit found at Section 8104-A include injuries caused by motor vehicles, watercraft, machinery or equipment, the construction, operation or maintenance of a building, the discharge of pollutants or the performance of road construction, a repair or street cleaning. Governmental entities are not liable for a "defect, lack of repair or lack of sufficient railing", 14 M.R.S.A. §8104-A(4) in any highway or town way. This indicates that, while the focus must be on what is a "public building", the word "operation" and the rest of Section 8104-A both support the concept that liability must be based on something more active than a fall over stationary wires that are within, but not a part, of a building. The Legislature did not state that liability exists for any negligence within a public building rather it limited liability to negligence in the construction, operation or maintenance of any public building.

There are three other cases which warrant a brief mention. *Adriance v. Town of Standish*, 687 A.2d 238 (Me. 1996) involved a man who fell into a trash hopper while dumping a barrel of trash. While the Law Court focused on the separate issue of discretionary function immunity, 14 M.R.S.A. §8104-(B)(3), the Law Court noted that the transfer station was a public building. The hopper, however, unlike the wires in this case, was part of a "public building."

The case of *Lynch v. Town of Kittery*, 677 A.2d 524 (Me. 1996) involved a student at Traip Academy who was injured "when two unauthorized visitors entered the school and hit him with a baseball bat." See page 524. In *Lynch* the central issue was whether the locking or unlocking of doors was the "operation" of a public building. There appears to have been an agreement that doors are part of a building unlike wires that can be readily disconnected.

3

Lastly, *Lightfoot v. School Administrative District No. 35*, 2003 ME 24, 816 A.2d 63 was a case where a high school wrestler was injured when his arm went through a glass window on the side of a fire door during a wrestling drill. The Court stated, at ¶11, "The operation of a public building exception to immunity, however, must implicate the physical structure of the public building and involve more than passive conditions."

As the wires or cables running from a table to plugs in the floor are not a "public building" or an "appurtenance", the entry is:

> Defendants' motion for summary judgment is granted. Judgment for the defendants on the complaint.

Dated:      March 31, 2008

Paul A. Fritzsche
Justice, Superior Court

Thomas R. Downing, Esq. - PL
Christian J. Lewis, Esq. - PL
Charles Harvey, Esq. - DEFS